**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 20 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CAROLE POTTS; JAMES POTTS,

      Plaintiff - Appellant,

v.

SAM'S WHOLESALE CLUB, doing
business as Sam's Wholesale Club,
Wal-Mart Stores, Inc.,

      Defendant - Appellee.

No. 95-5253
(D.C. No. CV-94-184-W)
(Northern District of Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **LUCERO** and **MURPHY**, Circuit Judges.

---

Carole and James Potts sued Sam's Wholesale Club for damages arising

from injuries Carole suffered when she fell at a Sam's Club store. The parties

agreed to proceed before a magistrate, and after a trial the jury returned a verdict

for the defendant. Plaintiffs appeal, asserting that the trial court erred in

instructing the jury, in allowing the defendant to present testimony of two

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders
and judgments; nevertheless, an order and judgment may be cited under the terms and conditions
of 10th Cir. R. 36.3.

witnesses via deposition, and in excluding defendant's expert witness's report, which conflicted with his later report and testimony he presented at trial. We conclude that the magistrate acted properly in all respects, and affirm.

A brief statement of the facts is sufficient for our analysis. While visiting a Sam's Club store, Carole Potts allegedly slipped on residue of automobile tires, injuring herself sufficiently to require several surgeries. Her claimed damages included medical bills, pain and suffering, and emotional distress. Her husband's claim is predicated on loss of consortium. Defendant raised several factual issues to counter plaintiffs' claims. In particular, it contended that Mrs. Potts's injuries were caused by medical problems unrelated to her fall at Sam's Club. Although not made part of the record, the jury apparently returned a general verdict in favor of defendant.

Plaintiffs' first claimed error involves Jury Instruction No. 8, which addresses the consideration to be given the opinion of medical experts. In particular, plaintiffs take issue with the language in the instruction that "the opinions of medical experts are to be based on a reasonable degree of medical certainty. However, absolute certainty is not required." Appellants' App. at 217. This instruction was added after closing arguments, in response to remarks by plaintiffs' counsel, who stated in closing argument that "there were questions asked about certainty, a medical certainty. Now, I represent to you that a medical

certainty is not what you are here to decide. You're here to decide what's more probable than not." Appellants' App. at 145; see also id. at 149 ("Anytime anyone asked a question of certainty, then you should remember that the proper question should be, 'what's more probable than not.'"). Plaintiffs challenge both the propriety of the instruction and the timing of its addition.

The question of whether this jury instruction was erroneous is one of state law, but federal law determines whether the instruction in question affected the instructions as a whole and requires reversal of the verdict. Dillard & Sons v. Burnup & Sims, 51 F.3d 910, 915 (10th Cir. 1995). Whether a jury was properly instructed is a question we review de novo. United States v. Lee, 54 F.3d 1534, 1536 (10th Cir. 1995). "We consider all the jury heard and, from [the] standpoint of the jury, decide not whether the charge was faultless in every particular but whether the jury was misled in any way and whether it had understanding of the issues and its duty to determine these issues." United States v. Voss, 82 F.3d 1521, 1529 (10th Cir.) (quotations omitted), cert. denied, 117 S. Ct. 226 (1996). We conclude that the jury instruction was not erroneous.

Requiring medical opinions regarding causation to be made to a "reasonable degree of medical certainty" is a well-established evidentiary standard, and Oklahoma appears to follow other states that have adopted the general standard. aSee McKellips v. Saint Francis Hosp., Inc.,741 P.2d 467, 472

(Okla. 1987) (quoting cases from other jurisdictions); cf. New York Life Ins. Co. v. Kramer, 324 P.2d 270, 272, 273 (Okla. 1957) (crediting medical opinion made to a "reasonable degree of medical certainty").  Plaintiffs contend that McKellips is limited to medical malpractice cases, but this assertion is belied by the language of McKellips itself:  "In Oklahoma, the general principles of proof of causation in a medical malpractice action are the same as in an ordinary negligence case."  741 P.2d at 471.  Moreover, plaintiffs assert that McKellips has been limited by the recent case of Hardy v. Southwestern Bell Telephone Co., 910 P.2d 1024 (Okla. 1996).  Hardy, however, reaffirms McKellips, which, in addition to stating the general rule of causation, established an exception for cases involving medical malpractice causing lost chance of survival to the decedent; the McKellips exception would allow plaintiffs to recover for medical malpractice creating an increased risk of death even if experts could not opine that the malpractice was the cause of death.  McKellips, 741 P.2d at 474.  Hardy limited the McKellips exception to cases involving medical malpractice creating a lost chance of survival.  Hardy, 910 P.2d at 1030.  The court's jury instructions in this case properly stated the applicable law involving opinions of medical experts.

We also find no error in the court's addition of the jury instruction after closing argument.  We review the trial court's decision to accept a proffered instruction for an abuse of discretion.  Lyon Dev. Co. v. Business Men's

Assurance Co. Of Am., 76 F.3d 1118, 1124 (10th Cir. 1996). Moreover, it is clear from the rules of procedure that the trial court retains considerable discretion on the timing of the jury instructions. See Fed. R. Civ. P. 51 ("The court, at its election, may instruct the jury before or after argument, or both."). Given plaintiffs' attorney's closing argument, the instruction became necessary to avoid confusion. His remarks could be construed as allowing the jury to consider any medical opinion, regardless whether it was made to a reasonable degree of medical certainty. The added instruction was offered to cure any confusion plaintiffs' counsel may have created in closing argument. The magistrate did not abuse his discretion in adding the medical opinion instruction after closing argument.

Plaintiffs' second and third issues are even more straightforward. They contend the court improperly permitted defendant to read witness deposition testimony into evidence without proving the witnesses were unable to appear and without giving plaintiffs adequate notice. We generally review the trial court's decisions regarding witness testimony for an abuse of discretion. See, e.g., FDIC v. Oldenburg, 34 F.3d 1529, 1556 (10th Cir. 1994) (reviewing for abuse of discretion trial court's decision on proposed testimony by witness not listed on pretrial order). In this case, both witnesses who testified by deposition were listed in the pretrial order and, contrary to plaintiffs' assertion, the magistrate

judge satisfied himself that the witnesses were unavailable upon representations made by defendant's counsel. The federal rules explicitly allow depositions to be used at trial if the witness is unavailable to testify in person. Fed. R. Civ. P. 32(a)(3). Under this rule, no notice need be given the opposing party unless the witness is available but "exceptional circumstances" exist to permit the deposition testimony. Compare Fed. R. Civ. P. 32(a)(3)(E) (requiring notice to use deposition testimony in open court if no showing of unavailability). In finding the witnesses to be unavailable, the magistrate accepted the representation of defendant's counsel that the two deposition witnesses were truly unavailable. The magistrate did not abuse his discretion in allowing them to testify by deposition.

Finally, plaintiffs argue that the trial court erred in refusing to admit as an exhibit a report prepared by defendant's medical expert, a report that conflicted with his later report and with his testimony at trial. Both of the expert's reports, as well as his testimony at trial, involved his opinion regarding the sources of Mrs. Potts's injuries. Plaintiffs were allowed to present the medical expert as a witness in their case-in-chief, even though he was not listed in the pretrial order. The court, however, would not allow the earlier report to be presented as an exhibit, treating it as hearsay evidence. Instead, the court permitted plaintiffs to use the document to impeach the expert's opinion as expressed in his later report and his trial testimony.

We review the trial court's exclusion of evidence for an abuse of discretion. Cartier v. Jackson, 59 F.3d 1046, 1048 (10th Cir. 1995). We will not disturb the trial court's decision unless we are left with the firm and definite conviction that it made a clear error in judgment or exceeded the bounds of permissible choice under the circumstances. Moorhart v. Bell, 21 F.3d 1499, 1504 (10th Cir. 1994). Plaintiffs argue that the first report, provided by the expert in preparation for testimony and disclosed pursuant to Fed. R. Civ. P. 26(a)(2), is not hearsay as defined by Fed. R. Evid. 801, specifically, Rule 801(d)(1). That rule reads: "A statement is not hearsay if . . . [t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent with the declarant's testimony, and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition." Fed. R. Evid. 801(d). While the earlier report may indeed have been inconsistent with the expert's later opinion, plaintiffs do not assert that the document contains a statement "given under oath . . . at a trial, hearing, or other proceeding, or in a deposition." The magistrate judge was therefore correct to conclude that the report was hearsay. Given that the expert testified extensively at trial as to his opinion, including the reasons his opinion changed from his first report, the judge acted within his discretion in refusing to admit the report as an exhibit.

**AFFIRMED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge